UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. KENNETH ROSS | CIVIL ACTION NO. |
| VERSUS | JUDGE |
| PROSOURCE .IT, LTD. | MAGISTRATE |

### ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes J. Kenneth Ross, who files this Complaint as follows:

### PARTIES

1.

The plaintiff, J. Kenneth Ross ("Mr. Ross") is currently a resident and domiciliary of the State of Florida.

2.

The defendant, Prosource.IT, Ltd. ("Prosource") is a Nevada corporation with its domicile and principal place of business in states other than Florida.

## JURISDICTION AND VENUE

3.

Jurisdiction is proper in this federal judicial district court because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and there is complete diversity between the parties.

4.

Venue is proper in this judicial district because the contract sued upon was negotiated by and executed by Mr. Ross in this judicial district, the contract contemplated substantial performance taking place in this judicial district, and Mr. Ross did in fact render substantial performance under the contract in this judicial district.

## FACTS

5.

The Defendant Prosource provides information technology services, including personnel procurement and other services, to BP North America.

6.

In or around the summer of 2010, Prosource entered into an independent contractor relationship with Mr. Ross, pursuant to which Mr. Ross provided contract work in the information technology field to Prosource in the Houma/Morgan City area of Louisiana, as a part of the BP response to the Gulf oil spill.

7.

After completing a couple of months of contract work for Prosource in July and August 2010, Mr. Ross gave notice to Prosource that he had received an offer of employment in San Diego, California, which he intended to accept.

8.

In response to this notification, Prosource entered into negotiations with Mr. Ross regarding a potential employment relationship between Mr. Ross and Prosource.

9.

As a result of these discussions and negotiations, a series of communications were exchanged between Mr. Ross and Prosource, resulting ultimately in an offer of employment by Prosource to Mr. Ross via letter dated September 29, 2010, which was accepted by Mr. Ross on September 30, 2010. A copy of the employment agreement is attached as Exhibit A.

10.

Pursuant to the employment agreement, Prosource hired Mr. Ross as Senior Project Manager, and assigned Mr. Ross to BP's Command Center in New Orleans with a housing allowance, a per diem expense allowance, and a start date of October 1, 2010.

11.

In addition, Prosource agreed to pay Mr. Ross an annual salary of $180,000.00 per year, together with other benefits including but not limited to vacation; life, health and dental insurance; and paid holidays.

12.

In addition, Prosource agreed in writing to alter its standard at-will employment agreement, and instead agreed to "a contract of employment for a three-year period," terminable by Prosource only for cause, as defined therein and as further identified in written communications between Mr. Ross and Prosource that resulted in the inclusion of this provision in the employment agreement.

13.

From October 1, 2010 thru mid-January, 2011, Mr. Ross worked for Prosource pursuant to the employment agreement as Senior Project Manager, supporting several hundred employees and contractors working out of BP's command center in New Orleans, as a part of the BP spill response effort.

14.

Effective January 17, 2011, Prosource reassigned Mr. Ross from New Orleans to Northwest Florida, where he continued to work as Senior Project Manager.

15.

In February 2011, Prosource requested that Mr. Ross travel to Houston for a meeting, which took place on February 10, 2011, in Houston, Texas.

16.

During the meeting which was attended by Mr. Ross and by Tim Airey of Prosource, Prosource (through Mr. Airey) advised Mr. Ross that his employment was being terminated because he had not provided sufficiently strong enough leadership as Senior Project Manager while in New Orleans.

17.

At the time of his termination, Mr. Ross had not been disciplined, warned, reprimanded, or given any other indication that his job performance was unsatisfactory.

18.

Prosource did not afford Mr. Ross any opportunity to respond to the alleged deficiencies in his work performance, nor did it provide him with any opportunity to present any additional information or cure any alleged deficiencies in his work performance.

19.

Mr. Ross shows that Prosource's termination of his employment was a breach of his contract of employment, and that the termination was not "for cause" as provided by the employment agreement or by law.

20.

Mr. Ross shows that Prosource's breach of the employment agreement has been and is continuing to be a legal cause of damage to him, including but not limited to (a) loss of wages and salary as provided in the agreement; (b) loss of employment benefits, including vacation; life, health and dental insurance; housing and per diem allowances; and paid holidays; and (c) costs and expenses associated with the subsequent search for employment.

21.

In addition, the employment agreement provided that in the event of its breach, the non-breaching party shall be entitled to receive from the breaching party its costs of

enforcement of the Agreement, including without limitation reasonable attorneys fees. Mr. Ross shows that in addition to the recovery of his actual damages caused by Prosource's breach of the employment agreement, he is also entitled to recover his reasonable attorney's fees and expenses of litigation.

22.

Trial by jury is demanded.

WHEREFORE, Plaintiff J. Kenneth Ross prays that after due proceedings, judgment be rendered herein in his favor and against Prosource.IT, Ltd., for the full amount of the Plaintiff's damages and losses as may be proven at trial, together with interest, reasonable attorney's fees and expenses as provided in the contract between the parties, all costs of this proceeding, and all other and further legal, equitable or general relief to which he may show himself entitled.

Respectfully submitted,

SCANDURRO & LAYRISSON, L.L.C.
Timothy D. Scandurro, Bar No.18424
Jean-Paul Layrisson, Bar No. 20917
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:   504-522-7100
Facsimile:   504-529-6199
Email:          tim@scanlayr.com

_____
TIMOTHY D. SCANDURRO
**Counsel for J. Kenneth Ross**

X:\Docs\4405 - ROSS\PLEADINGS\COMPLAINT.doc