UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| J. KENNETH ROSS | * | CIVIL ACTION NO.: 11-01009 |
|     Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE: ZAINEY |
| | * | |
| PROSOURCE.IT, LTD. | * | |
|     Defendant | * | MAG:   WILKINSON |
| | * | |

**************************************

## ANSWER AND AFFIRMATIVE DEFENSES OF PROSOURCE.IT, LTD

NOW INTO COURT, through undersigned counsel, comes defendant Prosource.it, Ltd. ("Prosource"), and respectfully files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, J. Kenneth Ross ("Plaintiff"):

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Prosource denies every allegation of Plaintiff's Complaint except those admitted or modified. Further, responding to Plaintiff's allegations, Prosource avers as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein. To the extent the allegations constitute legal conclusions, they are denied on that basis as well.

2.

In response to Paragraph 2 of Plaintiff's Original Complaint, Prosource admits that it is a Nevada corporation with its principal place of business in a state other than Florida. Any remaining allegations are denied for lack of sufficient information to justify a belief therein.

3.

In response to Paragraph 3 of Plaintiff's Original Complaint, Prosource admits that Plaintiff asserts claims exceeding $75,000.00, exclusive of interest and costs, however, Prosource denies the asserted value of and liability for these claims. Prosource does not deny that there is complete diversity and that this Court has jurisdiction over these claims.

4.

In response to Paragraph 4 of Plaintiff's Original Complaint, Prosource admits that Plaintiff was employed in order to perform duties within this judicial district. The remaining allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein. To the extent the allegations constitute legal conclusions, they are denied on that basis as well.

5.

Prosource denies the allegations of Paragraph 5 of Plaintiff's Original Complaint as stated. Prosource admits that BP North America is one of Prosource's clients and that it provides various services to BP North America. Any remaining allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

In response to Paragraph 6 of Plaintiff's Original Complaint, Prosource admits that as of July 13, 2010, Plaintiff was an independent contractor who assisted in the BP response to the

Gulf of Mexico oil spill.  Any remaining allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

In response to Paragraph 7 of Plaintiff's Original Complaint, Prosource admits that on August 1, 2010, Plaintiff gave notice to Prosource that he intended to accept employment elsewhere.  Any remaining allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

In response to Paragraph 8 of Plaintiff's Original Complaint, Prosource admits that subsequent to August 1, 2010, Prosource entered into negotiations with Plaintiff regarding a potential employment relationship. Any remaining allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

In response to Paragraph 9 of Plaintiff's Original Complaint, Prosource admits that it made an offer to Plaintiff to become an employee of Prosource and that there was an employment agreement reduced to writing between the parties.  Any and all other allegations are denied for lack of sufficient information to justify a belief therein.  Further, Prosource denies any and all allegations relating to "Exhibit A," as no such document was attached to Plaintiff's Original Complaint.

10.

In response to Paragraph 10 of Plaintiff's Original Complaint, Prosource avers that any alleged written employment agreement between Plaintiff and Prosource is the best evidence of

its contents. Any remaining allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

In response to Paragraph 11 of Plaintiff's Original Complaint, Prosource avers that any alleged written employment agreement between Plaintiff and Prosource is the best evidence of its contents. Any remaining allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

In response to Paragraph 12 of Plaintiff's Original Complaint, Prosource avers that any alleged written employment agreement between Plaintiff and Prosource is the best evidence of its contents. Any remaining allegations of Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

In response to Paragraph 13 of Plaintiff's Original Complaint, Prosource admits from October 1, 2010 until February 10, 2011, Plaintiff was employed in the capacity of Senior Project Manager as part of the BP spill response effort. Any and all remaining allegations of Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

Prosource denies the allegations of Paragraph 14 of Plaintiff's Original Complaint.

15.

In response to Paragraph 15 of Plaintiff's Original Complaint, Prosource admits that Plaintiff traveled to Houston, Texas for a meeting which took place on or about February 10,

2011.  Any and all remaining allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

In response to Paragraph 16 of Plaintiff's Original Complaint, Prosource admits that on February 10, 2011 Plaintiff met with Tim Airey of Prosource and that Plaintiff's employment was terminated at this meeting as the direct result of Plaintiff's actions during the course of his employment.  Any and all other remaining allegations of Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

Prosource denies the allegations of Paragraph 17 of Plaintiff's Original Complaint.

18.

Prosource denies the allegations of Paragraph 18 of Plaintiff's Original Complaint.

19.

Prosource denies the allegations of Paragraph 19 of Plaintiff's Original Complaint.

20.

Prosource denies the allegations of Paragraph 20 of Plaintiff's Original Complaint, including all subparts.

21.

In response to Paragraph 21 of Plaintiff's Original Complaint, any alleged written employment agreement between Plaintiff and Prosource is the best evidence of its contents. Prosource specifically denies that it breached the alleged employment agreement and that Plaintiff is entitled to recover any amounts including damages, costs and attorneys' fees.

22.

The allegations of Paragraph 22 of Plaintiff's Original Complaint do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

### THIRD DEFENSE

Prosource avers that Plaintiff was terminated "for cause." As grounds for this termination, Prosource lists the following non-exclusive, non-exhaustive particulars:

1) Plaintiff was employed specifically to support Prosource's activities in support of the BP spill response effort.

2) Plaintiff's actions were inconsistent with the continued existence of the employer/employee relationship.

3) Plaintiff violated his implied obligation not to act in a way that has a tendency to injure Prosource's business or financial interests.

4) Plaintiff failed to adhere to Prosource's policies and procedures which were reasonable and known to Plaintiff.

5) Plaintiff failed to exercise judgment consistent with and expected in his role as a supervisor.

### FOURTH DEFENSE

Plaintiff failed to perform his duties in the scope of employment to that of a person of ordinary prudence under the same or similar circumstances.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff failed to mitigate, minimize or avoid damages and losses.

## SIXTH DEFENSE

Prosource reserves its rights to amend and/or supplement its answer to assert further affirmative defenses not included in this pleading.

WHEREFORE, Defendant Prosource.it, Ltd. prays that this Answer be deemed good and sufficient and that, after due proceedings are had, that there be judgment rendered herein, dismissing Plaintiff's suit at his cost; and for all general and equitable relief.

Respectfully submitted,

Margaret L. Sunkel (La. Bar Roll No. 25888)
Jameson M. Taylor (La. Bar Roll No. 32718)
**GIEGER, LABORDE & LAPEROUSE, LLC**
One Shell Square - Suite 4800
701 Poydras Street
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*Attorneys for Prosource.it, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.